FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 22 2010

Stephan Harris, Clerk
Cheyenne

Patrick R. Day, P.C.
Matthew J. Kelly
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307-778-4200
Facsimile: 307-778-8175
pday@hollandhart.com
mjkelly@hollandhart.com

ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DAVID WARREN LOZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | (State Court Action No. 2010-7744 |
| SWEPI, LP, successor to SHELL ROCKY ) | |
| MOUNTAIN PRODUCTION, LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant SWEPI, LP, successor to Shell Rocky Mountain Production, LLC (Shell)
pursuant to 28 U.S.C. §§ 1441 and 1446 and U.S.D.C.L.R. 81.1, hereby files this Notice of
Removal of the above-described action to the United States District Court for the District of
Wyoming from the District Court for the Ninth Judicial District, Sublette County, Wyoming,
where the action is now pending. As supporting grounds, Shell states as follows:

1.      This action was commenced as Civil Action No. 2010-7744 in the District Court

for the Ninth Judicial District, Sublette County, Wyoming, on November 12, 2010. The

summons and complaint were served upon Shell's registered agent on December 2, 2010.

Summons and Complaint attached as Exhibit A. This Notice of Removal is timely as it is filed

within 30 days of receipt of the Complaint. *See* 28 U.S.C. § 1446(b). No hearings are pending

in the state district court.

2.      According to the Complaint and upon information and belief, Plaintiff is a

resident of the State of Wyoming. Complaint ¶ 1.

3.      Defendant Shell is a Delaware limited liability company with its principal place of

business in Houston, Texas. Complaint ¶ 2.

4.      For the purposes of diversity jurisdiction, Plaintiff is a citizen of the state of

Wyoming, and Defendant is a citizen of the State of Texas. 28 U.S.C. § 1332(c)(1).

5.      This is a civil action arising from Plaintiff's allegations of negligent

misrepresentation, nondisclosure of planned development, intentional misrepresentation and

fraud, and rescission and recovery. Plaintiff alleges that he is entitled to damages in "the sum

permitting Plaintiff to recover the true value of the interests sold" and payment of royalties,

which he alleges is in the "hundreds of thousands and/or millions of dollars per year range."

Complaint ¶¶ 14 and 24 (Damages) and prayer for relief. The amount in controversy in this case

exceeds $75,000, exclusive of interest, costs and attorneys' fees, and therefore, the requisite

2

jurisdictional amount, as required by 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, has been met.

6.      Jurisdiction of the federal court is based on diversity of citizenship as defined by 28 U.S.C. § 1332. This action is removable to federal court pursuant to 28 U.S.C. § 1441(a).

7.      Shell has given written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

8.      Shell has filed a copy of this Notice with the Clerk of the Ninth Judicial District, Sublette County, Wyoming as required by 28 U.S.C. § 1446(d).

9.      Copies of all process, pleadings and other papers previously served on the Defendant are attached hereto as Exhibit A as required by 28 U.S.C. § 1446.

10.     A proposed Order on Removal is attached for the Court's convenience.

WHEREFORE, Defendant respectfully requests that the Court enter an Order removing this action from the District Court for the Ninth Judicial District, Sublette County, Wyoming, to the United States District Court for the District of Wyoming.

DATED December 22, 2010.

_____

Patrick R. Day, P.C.
Matthew J. Kelly
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  307-778-4200
Facsimile:  307-778-8175
pday@hollandhart.com
mjkelly@hollandhart.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I certify that on December 22, 2010, I served a copy of the foregoing document to the following by

☒ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☐ Electronic Service by LexisNexis File & Serve

J. Nicholas Murdock
Melissa J. Lyon
MURDOCK LAW FIRM, P.C.
P.O. Box 1006
Laramie, WY  82073
nick@nickmurdock.com
melissa@nmurdocklaw.com

_____

4

Exhibit A

J. Nicholas Murdock
Melissa J. Lyon
MURDOCK LAW FIRM, P.C.
P.O. Box 1006
Laramie, WY 82073
(307) 235-0480
(877) 216-5037 (facsimile)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 22 2010

Stephan Harris, Clerk
Cheyenne

## IN THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT

## WITHIN AND FOR SUBLETTE COUNTY, STATE OF WYOMING

DAVID WARREN LOZIER,                )
                                    )
            *Plaintiff,*             )
                                    )
vs.                                 )      Civil No. 2010-2244
                                    )
SWEPI, LP, successor to SHELL ROCKY )      FILED
MOUNTAIN PRODUCTION, LLC,           )
                                    )      NOV 12 2010
            *Defendant.*            )
                                           MARILYN M. JENSEN
                                           CLERK OF DISTRICT COURT
                                           SUBLETTE CO, WYOMING
                                           BY _____

### COMPLAINT

        COMES NOW THE PLAINTIFF, David Warren Lozier (hereinafter "Plaintiff") and for

his causes against the Defendant SWEPI, LP, as successor to Shell Rocky Mountain Production,

LLC (hereinafter "Defendant"), states and alleges as follows:

### I.    JURISDICTION AND VENUE

        1.     Plaintiff David Lozier resides in the State of Wyoming, and has been a resident of

the State of Wyoming at all times relevant to this action.

        2.     The Defendant SWEPI, LP, successor to Shell Rocky Mountain Production, LLC

(hereinafter "Shell"), is a Delaware limited liability company with its principal place of business

in Houston, Texas.  On information and belief, Shell Rocky Mountain Production, LLC merged

into SWEPI, LP in or about November of 2008.

        3.     The property interest at issue in this action is a mineral interest located in Sublette

County, Wyoming.  Venue is properly placed in the United States District Court for the District

of Wyoming.

        4.     The amount in controversy in this action exceeds the jurisdictional requirements

of this Court, and this Court has jurisdiction of this matter.

### II.   FACTS COMMON TO ALL CAUSES OF ACTION

        5.     Plaintiff was the owner of certain mineral interests located in Sublette County,

Wyoming, more particularly described in the deed which is the subject of this action as follows:

[a]n undivided 3.125% interest in all of the oil,gas, and other minerals in
and under and that may be produced from the following lands (the
"Lands"):

Township 31 North, Range 109 West, 6th P.M.
Sec. 10: NESE, S/2SE
Sec. 11: Lots 2,3,4,5,6,7 NWSW, S/2NW, W/2NE
Sec. 14: Lots 1,2,NENW
Sec. 15: Lots 1,2

All the bed of the New Fork River between mean high water and medial
lines thereof, in front of and appurtenant to Lots 2,3,4,5,6 and 7 of Sec. 11,
Lots 1-2 of Sec. 15, Township 31 North, Range 109 West

Plaintiff's mineral interests as above described were derived from family interests, and the entire

family interest is sometimes referred to as the Jensen interest or Jensen lease.

6.      On or about April 20, 2002, Plaintiff contacted a representative/agent of Shell,

Mr. Brad O. Eubanks (hereinafter "Mr. Eubanks"). The purpose of the phone call was to

determine what plans Shell had for developing the oil and gas interests, when that development

would commence and the probable income to be produced by those efforts. Plaintiff sought to

determine the value of his oil and gas interest in the property described above and whether Shell

would be interested in purchasing Plaintiff's interests. Plaintiff was, at the time, attempting to

generate capital to fund start-up costs of a business, and he informed Mr. Eubanks of that fact.

Plaintiff provided information to Mr. Eubanks about his desires and financial needs at the time,

making it clear to Mr. Eubanks that he was in need of money to fund the business venture that it

was hoped the oil and gas interests would generate or by selling the interests.

7.      In the initial and subsequent conversations between Plaintiff and Shell's agent Mr.

Eubanks, Mr. Eubanks repeatedly told the Plaintiff that there were no plans for development of

the property, that the potential of the property was minimal and generally minimized the value of

the Plaintiff's mineral interest. Mr. Eubanks represented that little development was planned and

the gas wells in the area would not produce substantially greater amounts in the future. In spite

of this, Mr. Eubanks stated that he believed that Shell would be very interested in purchasing the

Plaintiff's mineral interests.

8.      In a subsequent telephone conversation, Shell's agent Mr. Eubanks offered the

sum of approximately $70,000.00 to the Plaintiff for his mineral interests. In response and in an

effort to gain further information about the value of his interests, Plaintiff inquired what Mr.

Eubanks believed the value of the entire Jensen Lease to be. Mr. Eubanks represented to

Plaintiff that the entire Jensen Lease for the Jensen Field would never generate a total of $1

million in revenues to all family members with interests in the properties. Mr. Eubanks represented to Plaintiff that due to lack of development it would likely take twenty (20) to thirty (30) years for Shell to recover its purchase price offer to Plaintiff. Plaintiff inquired specifically about potential future development or expansion of production from the area covered by his mineral interests. Mr. Eubanks represented that the existing production was all that there ever would be, with the possibility of one more well. Mr. Eubanks represented to Plaintiff that the royalty payments that Plaintiff was receiving at the time were representative of the potential for future royalty payments based on the amount of production; that the only possibility for increasing royalties in the future was from a single additional well, and that future royalties to Plaintiff were most likely to be at the same or very slightly higher levels as past royalties.

9.   Plaintiff questioned the $70,000.00 offer, and told Shell agent Mr. Eubanks that he believed his mineral interest might be worth more, even though future production was apparently projected to be flat.

10.   Shortly thereafter, Shell agent Mr. Eubanks contacted Plaintiff with an offer from Shell to purchase Plaintiff's mineral interests for the amount of $155,000.00. Shell agent Mr. Eubanks stated that at this price, Shell was "doing you a favor." Mr. Eubanks again represented that this was so as there was no future development except perhaps one additional well envisioned and it would take Shell many, many years to recover its capital investment by paying Plaintiff this amount. Based on the representations of Shell agent Mr. Eubanks with respect to no or little future development, little future prospect of increased revenues due to a lack of development, and due to financial pressures involved in his desire to fund a business venture, Plaintiff reluctantly agreed to accept the amount of $155,000.00 for his mineral interests described above.

11.   On May 1, 2002, Mr. Eubanks, designating himself as "Sr. Staff Land Rep." for Shell, "SRMP LLC," sent a letter confirming what he represented as a verbal agreement that afternoon for Plaintiff to sell his mineral interests to Shell for the amount of $155,000.00. This Eubanks letter made no disclaimers or other statements contradicting the oral representations of Mr. Eubanks that no future development was being planned except perhaps one more well; the entire Jensen lease would never pay more than $1 million to the Jensen interest; that Shell was doing Plaintiff "a favor;" and that it would take many, many years for Shell to recover its payment of the purchase price to Plaintiff. No information was provided to Plaintiff that many

more wells would likely be drilled in the area, significantly increasing production. Plaintiff signed the bottom of this letter in a space that stated "Agreed to and accepted this 2 day of May, 2002."

12.     Subsequently, Plaintiff honored the terms of the letter and executed and delivered a Mineral Deed for the described property to be effective May 1, 2002, executed May 17, 2002.

13.     In late November of 2006, Plaintiff first learned that other members of the Jensen family and owners of interests in the Jensen Lease were receiving royalty payments for their interests that suggested the value of the mineral interests Plaintiff sold to Shell were worth substantially more than the amount paid by Shell.

14.     It is believed and alleged that Shell, at the time Mr. Eubanks made his representations, was planning on developing the mineral interests on the Jensen lease in a fashion that has resulted, in a few years, in much greater development and payment of royalties to other Jensen family interest owners in the hundreds of thousands and/or millions of dollars per year range.  Plaintiff is not aware of the exact royalty amounts he would have been entitled to if he had retained his mineral interests, but alleges on information and belief that his interest would have paid out substantially more than $155,000.00 in the few years since the property transfer.  It is apparent that Shell planned the development of the Jensen lease and that many, many years were not necessary for Shell to recover its capital investment paid to Plaintiff.  It is apparent that the entire Jensen lease has had a value far in excess of $1 million in just a few years.  Shell has drilled and developed substantially more wells on the property, and may have plans to drill more.

15.     On information and belief, Plaintiff alleges that Shell agent Mr. Eubanks made other false representations to others concerning the development of the Jensen lease.  One example of this which is known to Plaintiff is that Mr. Eubanks misrepresented the well spacing, present and future, for the Jensen lease.  By underestimating and understating the number of wells to be placed on the lease, Mr. Eubanks indirectly understated the production potential of the leases.

### III.     PLAINTIFF'S FIRST CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

16.     Plaintiff restates and realleges all facts in paragraphs 1 - 15 above, and for this cause of action further states and alleges as follows:

a. Shell's agent, Mr. Eubanks, in the course of Shell's business, provided false information to Plaintiff concerning the planned future development of the Jensen Properties as well as the value of Plaintiff's mineral interest in the Jensen Properties given the lack of development that Shell planned.

b. The false information provided by Mr. Eubanks included statements that no new development was planned and, at best, one more well would be drilled and that such lack of development diminished the value of the property, the likely value of future production and related royalty payments, and the lack of likely expansion of exploration from the area.

c. The information provided to Plaintiff by Shell was false, incorrect, and misleading. While Plaintiff alleges, infra, that the false information was intentionally provided, Plaintiff alleges, alternatively, in this cause of action, that Shell negligently failed to inform Mr. Eubanks of Shell's intention to develop the area significantly in the future, resulting in substantially more production and significantly higher rights to royalty payments.

d. In the event that Mr. Eubanks was not informed of the plans of Shell's predecessor in interest, and subsequently Shell's plans, to decrease the unit size on the area, increase the number of wells, and Shell's expectations that significantly higher production of gas would occur, Plaintiff alleges that the misrepresentations of Mr. Eubanks were negligent, though the acts and omissions of Shell were intentionally misleading to Mr. Eubanks and Plaintiff.

e. The information provided to Plaintiff was information that Plaintiff justifiably relied upon and utilized in making business decisions, to wit, the decisions to sign the letter of May 1, 2002, and execute the deed of May 17, 2002.

f. The false information provided by Mr. Eubanks was provided for the guidance of Plaintiff in his business transactions with Shell.

g. Mr. Eubanks, as agent for Shell, failed to exercise reasonable care or competence in obtaining or communicating factual information to Plaintiff.

h. Plaintiff has suffered financial losses as a result of said misrepresentations.

17.   As a direct cause and consequence of the negligent misrepresentations of Mr. Eubanks, Plaintiff has suffered injury and losses more fully described later in this Complaint.

## IV.  PLAINTIFF'S SECOND CAUSE OF ACTION: NONDISCLOSURE

18.    Plaintiff restates and realleges all facts in paragraphs 1- 17 above, and for this cause of action further states and alleges as follows:

a.  Plaintiff made specific requests of Shell's agent, Mr. Eubanks, for disclosure of information pertinent to the planned development of the Jensen Properties, the effect of the development on the value of Plaintiff's mineral interests and the likely nature of future royalty payment values for the Jensen Properties.

b.  At the time Plaintiff made such inquiries, Shell's predecessor in interest and Shell itself had plans to drill significantly more wells, thereby substantially increasing production from the area and substantially increasing the value of future royalty payments to Plaintiff.

c.  Shell, through its agent Mr. Eubanks, did not disclose said plans, nor other information which would have put Plaintiff on notice of the future development but instead denied any development was being considered; that the value of his mineral interests, including but not limited to the value of future royalty payments, was/would be substantially greater than they were worth based on the assumption that the number of wells and amount of future production would remain essentially the same.

d.  Shell, through its agent Mr. Eubanks, either knew or should have known that nondisclosure of information about the likely expanded development and increased value of the mineral interests would induce Plaintiff to sell his mineral interests for an amount less than their true value or cause Plaintiff to refrain from retaining his interests or demanding a higher sales price.

e.  Shell was under a duty to disclose, truthfully and completely, and exercise reasonable care to disclose, information known to it if it was to disclose any information concerning the planned development and the effect that planned development would have upon the future value of the mineral interests because Mr. Eubanks knew or should have known that Plaintiff was being induced to make a mistake in the sale of his mineral interests.

f.  Shell failed to disclose to Plaintiff facts that it knew may have justifiably induced Plaintiff to act or refrain from acting in a business transaction.

19.   As a direct cause and consequence of the nondisclosures by Shell's agent, Mr. Eubanks, Plaintiff has suffered injury and losses more fully described later in this Complaint.

## V.   PLAINTIFF'S THIRD CAUSE OF ACTION: INTENTIONAL MISREPRESENTATON AND FRAUD

20.   Plaintiff restates and realleges all facts in paragraphs 1- 19 above, and for this cause of action states and alleges as follows:

a.   The acts, omissions, and statements of Shell's agent, Mr. Eubanks, were intentionally and were misrepresentations of the truth.

b.   The fraudulent acts and statements are described above, and include but were not limited to the statements of Mr. Eubanks that the Jensen Properties were not planned to be expanded appreciably; he was doing Plaintiff "a favor", that it would take many, many years for Shell to recoup its investment, that production would not increase, that the number of wells would remain the same, or increase, at most, by one well, and other statements that falsely led Plaintiff to conclude that the $155,000.00 offered by Shell was a fair market price for his mineral interests.

c.   Shell's agent, Mr. Eubanks, made false representations to Plaintiff.

d.   Shell's agent, Mr. Eubanks, negligently or intentionally failed to disclose material facts to Plaintiff.

e.   Shell's agent, Mr. Eubanks intended, through his false statements and intentional nondisclosures, to induce Plaintiff to execute an agreement and a deed to convey Plaintiff's mineral interests in the Jensen Properties for an amount which was substantially less than their market value at the time and for an amount was substantially less than the value of future royalty payments.

f.   Plaintiff reasonably believed that the misrepresentations of Shell's agent Mr. Eubanks were true.

g.   Plaintiff was unaware of the information not disclosed to him by Shell's agent Mr. Eubanks.

h.   Plaintiff reasonably relied on the information provided by Shell's agent, Mr. Eubanks.

21.   As a direct cause and consequence of the fraud and misrepresentations of Shell's agent Mr. Eubanks, Plaintiff has suffered damages more fully described later in this Complaint.

## VI.   PLAINTIFF'S FOURTH CLAIM FOR RELIEF: RESCISSION OF DEED AND RECOVERY OF TITLE TO MINERAL INTEREST

22.   Plaintiff restates and realleges all facts in paragraphs 1- 21 above, and for this claim states and alleges as follows:

      a.   Plaintiff signed the letter of May 1, 2002, and executed the deed of May 17, 2002, as a direct consequence of the negligent and intentional misrepresentations of Shell's agent, Mr. Eubanks, and as a direct result of nondisclosure of material facts by Mr. Eubanks.

      b.   The misrepresentations and nondisclosures by Mr. Eubanks were intended to induce Plaintiff to enter into an agreement based upon misrepresentations and represented fraud in the inducement.

      c.   This Court, through the exercise of its equitable powers, has the power to order rescission of the agreement and deed and to reinstate Plaintiff to his status as owner of the described mineral interests.

23.   As a direct cause and consequence of the nondisclosures and misrepresentations of Shell, Plaintiff was induced to execute a mineral deed and Plaintiff is entitled to rescission of the agreement and deed, and for such other relief as is appropriate in light of the rescission.

### VII.   DAMAGES

24.   Plaintiff restates and realleges all facts in paragraphs 1- 23 above, and for his damages alleges as follows:

      a.   That sum permitting Plaintiff to recover the true value of the interests sold had Shell and its representative spoken truthfully and completely.

      b.   Rescission of the agreement and return of the mineral with a full accounting and payment of those royalties that would have been paid.

      c.   Such other and further relief as the Court deems appropriate.

      Wherefore, the Plaintiff requests the Court enter a judgment against the Defendant for the following:

      a.   That sum permitting Plaintiff to recover the true value of the interests sold had Shell and its representative spoken truthfully and completely.

      b.   Rescission of the agreement and return of the mineral with a full accounting and payment of those royalties that would have been paid.

c.      Such other and further relief as the Court deems appropriate.

DAVID WARREN LOZIER,
Plaintiff.

By:_____
J. Nicholas Murdock
Attorney Number: 5-1629
Melissa J. Lyon
Attorney Number: 6-4425
MURDOCK LAW FIRM, P.C.
P.O. Box 1006
Laramie, WY 82073
(307) 460-7060
(307) 235-0482 (facsimile)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 22 2010

Stephan Harris, Clerk
Cheyenne

J. Nicholas Murdock
Melissa J. Lyon
MURDOCK LAW FIRM, P.C.
P.O. Box 1006
Laramie, WY 82073
(307) 235-0480
(877) 216-5037 (facsimile)

## IN THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT

## WITHIN AND FOR SUBLETTE COUNTY, STATE OF WYOMING

DAVID WARREN LOZIER,        )
                            )
        *Plaintiff,*        )
                            )
vs.                         )        Civil No. *2010 - 2944*
                            )
SWEPI, LP, successor to SHELL ROCKY )
MOUNTAIN PRODUCTION, LLC    )        **SUMMONS**
                            )
        *Defendant.*        )
                            )

To the above named Defendant:    SWEPI, LP, successor to SHELL ROCKY
                                 MOUNTAIN PRODUCTION, LLC

Registered Agent for Swepi, LP:  CT Corporation System
                                 1720 Carey Ave., Ste. 200
                                 Cheyenne, WY 82001

YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff's attorney a response to Plaintiff's Complaint, which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the State of Wyoming, you are required to file and serve your response to Plaintiff's Complaint within thirty (30) days after service of this Summons upon you, exclusive of the day of service). If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this _12_ day of _Nov_, 2010.

(SEAL OF DISTRICT COURT)                Marilyn M. Jensen, Clerk of Court

By: _____
    Deputy Clerk

_____
J.N. MURDOCK
Attorney Number: 5-1629
MELISSA J. LYON
Attorney Number: 6-4425
Murdock Law Firm, P.C.
211 South Second Street, Suite A
Laramie, WY 82070
Phone: (307) 460-7090
Fax: (877) 216-5037

## APPOINTMENT TO SERVE SUMMONS

At the request of Plaintiff and in compliance with Rule 4(c)(1) of the Wyoming Rules of Civil Procedure, I hereby appoint, Rick Sargent, a person duly qualified, to serve the foregoing Summons.

(SEAL OF DISTRICT COURT)

Marilyn M. Jensen, Clerk of Court

By: _____
      Deputy Clerk

---

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| STATE OF WYOMING | ) | To be used by a person other than Sheriff, |
| | ) ss | Under Sheriff, or Deputy |
| COUNTY OF LARAMIE | ) | |

Rick Sargent, being first duly sworn, on oath deposes and says that he/she is the identical person appointed by the clerk of Court as above shown to make service of Summons issued in the foregoing action; that he/she is over the age of 21 years and is not a party to the foregoing action or interested therein, and that he/she made service of said Summons in the County aforesaid on the _____ day of _____, 2010, by delivering a copy of the same, together with a copy of Plaintiff's Complaint, to SWEPI, LP, successor to SHELL ROCKY MOUNTAIN PRODUCTION, LLC through its agent for service, CT Corporation System.

_____
Rick Sargent

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2010.

My Commission expires: _____    _____
                                                              NOTARY PUBLIC